IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID CLEO STOVER AND THERESA MARIE STOVER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: ) |
| BARRY KENT OSBORNE; DIVERSIFIED CARRIERS, INC., AND DAIRYLAND INS. CORP., | ) ) ) ) |
| Defendant(s). | ) ) |

## NOTICE OF REMOVAL

COME NOW the Defendants, Barry Kent Osborne ("Osborne") and Diversified Carriers, Inc. ("Diversified"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action filed by Plaintiffs David Cleo Stover and Theresa Marie Stover in the Circuit Court of Lawrence County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, the Defendants show the following:

### A. PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on January 23, 2018, in the Circuit Court of Lawrence County, Alabama, Case No. CV 2018-900013. The

documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.  Service of process was perfected on Defendant Diversified on or around January 28, 2018. Service of process was perfected on Defendant Osborne on or around February 10, 2018. [Returns of Service, Ex. A].

3.  This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.  This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.  As shown by the Joinder and Consent to Removal, filed as Exhibit B to this Notice, defendant Peak Property and Casualty Insurance Corporation, incorrectly designated in the Complaint as "Dairyland Insurance Corporation," joins in and consents to the removal of this action. (Joinder and Consent to Removal, attached hereto as Exhibit "B").

6.  Promptly after the filing of this Notice, Defendants are serving a copy of this Notice of Removal on counsel for the Plaintiff and co-Defendant, and will file a copy with the Clerk of the Circuit Court of Lawrence County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

7. Plaintiff David Cleo Stover is a citizen of the State of Alabama. [Exhibit A - Complaint, ¶ 1].

8. Plaintiff Theresa Marie Stover is a citizen of the State of Alabama. [Exhibit A - Complaint, ¶ 2].

9. Defendant Diversified Carriers, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in the State of Georgia as well. Thus, Defendant Diversified is not a citizen of the State of Alabama. Likewise, Defendant Diversified was not a citizen of Alabama at the time of the filing of Plaintiff's Complaint. [Affidavit of Clifford Pulsifer, attached hereto as Exhibit "C"].

10. Defendant Osborne is presently a citizen of the State of Georgia, and was a citizen of the State of Georgia at the time of the filing of Plaintiff's suit in state court. Thus, Defendant Osborne is not a citizen of the State of Alabama. [Affidavit of Barry Kent Osborne, attached hereto as Exhibit "D"].

11. Defendant Dairyland Insurance Corporation ("Dairyland") and Peak Property and Casualty Insurance Corporation ("Peak") are both corporations organized and existing under the laws of the State of Wisconsin with their principal places of business in the State of Wisconsin as well. Thus, neither Defendant Dairyland nor Peak are citizens of the State of Alabama. Likewise, neither Defendant

Dairyland nor Peak were citizens of Alabama at the time of the filing of Plaintiff's Complaint. [Exhibit A – Complaint, ¶ 5].

12. The parties identified in Paragraphs seven through eleven of this Notice constitute all of the nonfictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

13. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

### C. AMOUNT IN CONTROVERSY

14. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15. Plaintiffs' Complaint alleges claims of negligence and wantonness against Defendants Osborne and Diversified. The Complaint further alleges claims of negligent hiring, retention, training, supervision and/or entrustment against Diversified. Plaintiff also demands judgment in an amount to be determined by a jury. [Exhibit A - Complaint].

16. The Complaint states the following in regards to the damages sought:

> Plaintiffs aver that as a result of the Defendants' willfulness, wantonness, recklessness, and/or negligence, Plaintiffs have suffered and seek to recover for the following special injuries and damages:
>
> (a) Past and future lost wages and benefits;

> (b) Permanent impairment of her ability to earn a living;
>
> (c) Past and future medical expenses;
>
> (d) Past and future physical pain and mental anguish;
>
> (e) Permanent physical disability and disfigurement; and
>
> (f) Inability to carry out and enjoy the usual and normal activities of life.
>
> ...

[Exhibit A - Complaint, ¶ 35].

The Plaintiff's Complaint further states:

> 36. Plaintiffs seek to recover a sum that will fairly and fully compensate them for their damages. Because of the severity of their injuries, Plaintiffs expect such fair compensation to be well in excess of the jurisdictional minimums of this Court.
>
> 37. As a direct result of the willfulness, wantonness, and recklessness of the actions of one or both Defendants, Plaintiffs further seek an award of punitive damages in a sum sufficient to punish and deter the conduct of one or more Defendants. Plaintiffs seek punitive damages in an amount that is determined to be reasonable and fair by a jury of Plaintiff's peers.
>
> ...

[Exhibit A – Complaint, ¶¶ 36-37].

17. Based upon the analysis set forth in *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness, as well as the damages referenced above, establishes the requisite amount in controversy. [Exhibit "E" – Complaint in *Bush v. Winn Dixie*,

LLC CV 2014-900513 August 31, 2015; Order and Memorandum Opinion remanding *Bush v. Winn* Dixie, LLC case]; See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

18. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that Defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d at 1321-22; [Exhibit "E"]. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the

incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318; [Exhibit "E" - p. 2 and Plaintiff's Complaint in *Bush v. Winn Dixie, LLC*]. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19; [Exhibit "E" – p. 3]. Citing *Smith v. State Farm Casualty Co.*, the Court stated: "[t]his court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319; [Exhibit "E" – p. 3].

19.  The foregoing notwithstanding, the Defendants further submit pre-suit correspondence from the Plaintiffs as evidence that the Plaintiffs allege and seek damages in excess of the jurisdictional minimum. Specifically, in correspondence dated October 19, 2017, counsel for the Plaintiffs demanded $300,000 to settle the claim of Mr. Stover, citing $27,622.41 in incurred medical bills. Likewise, the correspondence demanded $300,000.00 to settle the claim of Ms. Stover, citing

7

$35,938.17 in incurred medical bills. (See October 19, 2017 Demand Letter, attached hereto as Exhibit "F" (cited exhibits within correspondence omitted)). Thereafter, pre-suit negotiations continued, culminating in a final offer of settlement from the Plaintiffs of $175,000 per Plaintiff, or $350,000 globally. (See December 6, 2017 Emails, attached hereto as Exhibit "G").

20. Defendants deny they are liable to Plaintiff for any amount but do not dispute the amount in controversy exceeds $75,000.00 for each Plaintiff.

21. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

22. The removal is filed within thirty (30) days from when Defendants were served with the Summons and Complaint and is therefore timely.

### D. CONCLUSION

Defendants satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Lawrence County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 22nd day of February, 2018.

_____
RUSSELL Q. ALLISON (ASB-2495-S81R)

_____
JORDAN D. WATSON (ASB-2370-O61W)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  rallison@carrallison.com
         jwatson@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2018, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_Facsimile transmission;
\_\_\_\_\_Hand Delivery;
__XX__ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
__XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

| | |
|---|---|
| J. Michael Perry<br>WETTERMARK KEITH<br>3595 Grandview Parkway, Suite 350<br>Birmingham, AL 35243 | Thomas S. Spires<br>Murray Flint<br>SMITH, SPIRES, PEDDY,<br>HAMILTON & COLEMAN, PC<br>2015 Second Avenue North<br>Suite 200<br>Birmingham, Alabama 35203 |

_/s/ signature_
OF COUNSEL