FILED
2018 Feb-22  PM 12:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
1/23/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>42<br>Date of Filing:<br>01/23/2018 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA
### DAVID CLEO STOVER ET AL v. BARRY KENT OSBORNE ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other   **First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

PER089          1/23/2018 3:32:07 PM          /s/ JAMES MICHAEL PERRY
_____          _____          _____
                 Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
2/2/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| **DAVID CLEO STOVER,** ) | |
| **THERESA MARIE STOVER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| **BARRY KENT OSBORNE, individually;** ) | |
| **DIVERSIFIED CARRIERS, INC., a** ) | |
| **corporation; FICTITIOUS PARTY A** ) | |
| **through Z, being that person, firm** ) | |
| **or corporation that owned, leased, or** ) | |
| **otherwise controlled the vehicle being** ) | |
| **driven by Defendant Osborne, that** ) | |
| **negligently and/or wantonly entrusted** ) | |
| **said vehicle to said Defendant, at the time** ) | |
| **of the collision which is the subject of this** ) | |
| **lawsuit, and that negligently and/or** ) | |
| **wantonly hired, trained, or supervised** ) | |
| **said Defendant for or related to the** ) | |
| **operation of said vehicle or like vehicles,** ) | |
| **and whose true names and legal** ) | |
| **status are otherwise  unknown to the** ) | |
| **Plaintiff, but who will be substituted by** ) | |
| **amendment when ascertained by** ) | |
| **Plaintiff; and DAIRYLAND** ) | |
| **INSURANCE CORPORATION,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## **COMPLAINT**

**COMES NOW** the Plaintiffs, DAVID CLEO STOVER and THERESA MARIE

STOVER, and for their Complaint against the Defendants, BARRY KENT OSBORNE,

DIVISERFIED CARRIERS INC., FICTITIOUS PARTIES A THROUGH Z, and DAIRYLAND

INSURANCE CORPORATION, show unto the Court the following:

1

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff David Cleo Stover (" Stover") is and was a resident of Cullman County, Alabama at all material times referenced herein.

2.      Plaintiff Theresa Marie Stover ("Mrs. Stover") is and was a resident of Cullman County, Alabama at all material times referenced herein.

3.      Based upon information and belief, Defendant Barry Kent Osborne ("Osborne") is and was a resident of Muscogee County, Georgia at all material times referenced herein.

4.      Based upon information and belief, Defendant Diversified Carriers, Inc. ("Diversified Carriers"), is a Georgia corporation that regularly conducts and has performed substantial business in the State of Alabama, including Lawrence County, Alabama, at all material times referred to herein.

5.      Dairyland Insurance Corporation ("Dairyland") is a Wisconsin insurance company that regularly conducts and has performed substantial business in the State of Alabama, including Lawrence County, Alabama, at all material times referred to herein.

6.      Venue is proper in this Court because the events giving rise to this lawsuit occurred in Lawrence County, Alabama.

7.      The Plaintiff is seeking compensation well in excess of the minimum requisites of this Court's jurisdiction.

## THE FACTS

8.      Diversified Carriers hired Osborne and allowed him to operate a tractor trailer on the public roadways for its benefit.

2

9.      On or about September 20, 2016, and Mrs. Stover were traveling by personal vehicle southbound along Alabama Highway 157 in Lawrence County.    Stover was operating the vehicle.  Mrs. Smith was a passenger.

10.      The Stover vehicle had its emergency flashing lights activated at the time of the collision.

11.      Osborne was operating a large tractor trailer on the Highway 157 traveling in a direction behind the vehicle occupied by the Plaintiffs.

12.      Said tractor and/or trailer was owned and operated by Diversified Carriers.

13.      Defendant Osborne caused the tractor/trailer he was operating to collide into the rear of the vehicle occupied by the Plaintiffs.

14.      Dairyland issued a policy of uninsured/underinsured motorist benefit coverage to Mrs. Stover.  The policy was in full force and effect on the date of the collision made basis of this complaint.

## COUNT I
### (Negligence/Wantonness – Defendant Osborne)

15.      Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

16.      Defendant Osborne, while acting in the line and scope of his employment with Diversified Carriers, negligently or wantonly operated the tractor trailer he was driving, causing the collision with the vehicle occupied by the Plaintiffs.

17.      The negligence or wantonness of Osborne, includes, but is not limited to, the following specific acts:

   a.   Traveling at an excessive speed given the circumstances;

b.   Failing to maintain a safe distance of travel between his vehicle and the vehicle ahead of him;

c.   Failing to keep a proper lookout;

d.   Failing to operate his vehicle at a safe speed;

e.   Failing to comply with the operating and safety rules of Diversified Carriers;

f.   Failing to comply with the applicable rules of road;

g.   Failing to comply with applicable motor carrier safety regulations; and

h.   Defendant was otherwise negligent or wanton.

18.     As a direct and proximate cause of Osborne's negligence or negligence, Plaintiffs sustained serious and permanent injuries about their respective bodies.

### COUNT II
### (Negligence/Wantonness – Fictitious Defendants)

19.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

20.     Fictitious Defendants are those individuals and/or entities specifically enumerated in the caption above whose negligence, wantonness, or other wrongful conduct combined and caused or continued to combine and cause the occurrence made the basis of this lawsuit.

21.     Fictitious Defendants' negligent and/or wanton conduct formed the proximate cause and/or combined to form the proximate cause of injuries and damages suffered by Plaintiffs.

### COUNT III
### (Respondeat Superior – Diversified Carriers, Inc./Fictitious Defendants)

22.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

4

23.     At all times relevant and material hereto, Osborne was an employee, servant and/or agent of Diversified Carriers and/or Fictitious Defendants and was acting within the line and scope of his employment and under the direction and control of Diversified Carriers and/or Fictitious Defendants.

24.     As a direct and proximate cause of Osborne's and/or other Fictitious Defendants' negligence and/or wantonness, Plaintiffs sustained serious and permanent injuries about their respective bodies.

## COUNT IV
### (Negligent Hiring, Retention, Training, Supervision and/or Entrustment – Diversified Carriers, Inc./Fictitious Defendants)

25.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

26.     At the time of the collision made basis of this suit, Osborne was an incompetent, inexperienced, or reckless driver;

27.     Prior to the collision made basis of this suit, Diversified Carriers and/or Fictitious Defendants knew or had reason to know of the Osborne's condition or proclivities.

28.      Prior to the collision made basis of this suit, Diversified Carriers and/or Fictitious Defendants knew or had reason of the inadequacy of its own negligent or wanton hiring, retention, training and/or supervision of Osborne as it related to the operation of its vehicles.

29.     On the day of the collision, Diversified Carriers and/or Fictitious Defendants entrusted its tractor trailer to Osborne to operate for its benefit on the public roadways;

30.     Said entrustment created an appreciable risk of harm to the Plaintiffs and a relational duty on the part of the defendants; and

31.     The negligence, willfulness, recklessness, and/or wantonness of Diversified Carriers and/or Fictitious Defendants includes, but is not limited to, the following specific acts:

      a.   Failed to properly train Osborne;

      b.   Failed to properly supervise Osborne;

      c.   Retained Osborne despite knowledge of his incompetency;

      d.   Hired Osborne without doing due diligence into his background and/or with knowledge of his potential incompetency;

      e.   Entrusted a vehicle to Osborne despite possessing or should have possessed information regarding his incompetency;

      f.   Failed to enforce its applicable operating and/or safety rules against Osborne;

      g.   Failed to create policies, procedures, and/or rules for Osborne to utilize and follow; and

      h.   It was otherwise willful, reckless, wanton, and negligent.

32.     The harm to the Plaintiffs was proximately or legally caused by the negligence or wantonness of the defendants.

## COUNT V
### (Uninsured/Underinsured Motorist – Dairyland or Peak Property)

33.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

34.     Plaintiffs are entitled to underinsured and/or uninsured motorists benefits from Dairyland pursuant to the policy of insurance issued to Mrs. Stover.

## DAMAGES

35.     Plaintiffs aver that as a result of the Defendants' willfulness, wantonness, recklessness, and/or negligence, Plaintiffs have suffered and seek to recover for the following special injuries and damages:

      (a)     Past and future lost wages and benefits;

      (b)     Permanent impairment of her ability to earn a living;

      (c)     Past and future medical expenses;

      (d)     Past and future physical pain and mental anguish;

      (e)     Permanent physical disability and disfigurement; and

      (f)     Inability to carry out and enjoy the usual and normal activities of life.

36.     Plaintiffs seek to recover a sum that will fairly and fully compensate them for their damages.  Because of the severity of their injuries, Plaintiffs expect such fair compensation to be well in excess of the jurisdictional minimums of this Court.

37.     As a direct result of the willfulness, wantonness, and recklessness of the actions of one or both Defendants, Plaintiffs further seek an award of punitive damages in a sum sufficient to punish and deter the conduct of one or more Defendants.  Plaintiffs seek punitive damages in an amount that is determined to be reasonable and fair by a jury of Plaintiff's peers.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY DEMAND

s/ J. Michael Perry
**J. MICHAEL PERRY (PER089)**
WETTERMARK KEITH
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Email: mperry@wkfirm.com

7

**PLAINTIFF'S ADDRESS**:
David & Theresa Stover
4148 County Road 1354
Cullman, Vinemont AL 35179

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

Diversified Carriers, Inc.
200 Fairgrounds Boulevard
Warner Robins, GA 31093

Dairyland Insurance Company
2225 Minnesota Avenue
Stephens Point, WI 54481

ELECTRONICALLY FILED
1/23/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

**IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA**

| | |
|---|---|
| **DAVID CLEO STOVER,** ) | |
| **THERESA MARIE STOVER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| **BARRY KENT OSBORNE, individually;** ) | |
| **DIVERSIFIED CARRIERS, INC., a** ) | |
| **corporation; FICTITIOUS PARTY A,** ) | |
| **and B through Z, being that person, firm** ) | |
| **or corporation that owned, leased, or** ) | |
| **otherwise controlled the vehicle being** ) | |
| **driven by Defendant Osborne, that** ) | |
| **negligently and/or wantonly entrusted** ) | |
| **said vehicle to said Defendant, at the time** ) | |
| **of the collision which is the subject of this** ) | |
| **lawsuit, and that negligently and/or** ) | |
| **wantonly hired, trained, or supervised** ) | |
| **said Defendant for or related to the** ) | |
| **operation of said vehicle or like vehicles,** ) | |
| **and whose true names and legal** ) | |
| **status are otherwise  unknown to the** ) | |
| **Plaintiff, but who will be substituted by** ) | |
| **amendment when ascertained by** ) | |
| **Plaintiff; and DAIRYLAND** ) | |
| **INSURANCE CORPORATION,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT BARRY KENT OSBORNE**

COME NOW the Plaintiffs in the above-styled case and propound the following

Interrogatories to Defendant Barry Kent Osborne, to be responded to and attached verification

executed by you before a notary public within 45 days, as provided by the *Alabama Rules of*

*Civil* Procedure:

1.      Has this Defendant been properly named?   If not, please provide the correct name.

**ANSWER**:

2.      State your full name, date of birth, social security number, driver's license number, type of driver's license, state of issuance, and date of driver's license issuance.

**ANSWER**:

3.      List all of your employers for the period including the date of this collision and the five-year period preceding this collision, including as part of your answer:

     a.   The name and address of each employer;

     b.   Your then job title;

     c.   The name of your then immediate supervisor;

     d.   The duties of your job at the time of the collision;

     e.   The dates of your employment;

     f.   The reasons your employment ended.

**ANSWER**:

4.      Did you perform any duties for your employer on the day of the collision? If so, please state:

     a.   All duties, functions, or errands that you performed for your employer that day;

     b.   The location to which you traveled that day;

     c.   The time that you traveled to each location;

     d.   The purpose of your travel; and

     e.   The name, title, and employer of each person who directed you to travel to these locations.

**ANSWER**:

5.      Identify the make and model of every cell phone that you used in the 90-day period preceding collision, including the phone number associated with and the network service

provider of each phone identified, and state as part of your answer whether you still have physical possession of each phone identified.

**ANSWER**:

     6.     Were you operating an Electronic Communication Device on the day the collision?  If so, please identify the type of device you were using, the purpose for using said device, and the present location of each device identified.

**ANSWER**:

     7.     What factors, if any, do you contend contributed to the collision that forms the basis of this lawsuit?

**ANSWER**:

     8.     Did you report this collision to your employer?  Identify the person to whom you reported the collision, the date that you reported the collision to them, and state what you told them in your report.

**ANSWER**:

     9.     State the name and present address of all persons known to you, your agents or attorney who witnessed the accident which is the subject matter of this litigation.

**ANSWER**:

     10.     State the name, address, and telephone number of all persons known to you that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

**ANSWER**:

     11.     State in detail any and all training you received from Defendant Diversified Carriers Inc. regarding operation of tractor-trailers.

**ANSWER**:

     12.     State in detail all motor vehicle citations you have received during the course of your driving history.

**ANSWER**:

     13.     State in detail all motor vehicle accidents you have been involved in during the course of your driving history, including the date of the said accident(s); the parties involved, the

3

locations by city and state where each accident(s) occurred, and whether you were provided a citation for any violation of applicable traffic laws as a result of said accident(s).

**ANSWER:**

14.     Have you ever been a party to a lawsuit?  If yes, state the names of the parties to the lawsuit, whether you were the plaintiff or defendant, the type of case, the court where the case was pending, and the disposition of the case.

**ANSWER**:

15.     State whether you have ever been cited for Driving Under the Influence or Driving While Intoxicated during the course of your driving history.  If the answer is yes, state the date of the citations, the city and state where the citation was received, and the disposition of the matter.

**ANSWER**:

16.     Do you contend that the plaintiff's negligence contributed to the incident that forms the basis of this lawsuit?  If so, state the facts that support your contention.

**ANSWER**:

17.     State the names, addresses, and telephone numbers of all witnesses you intend to call at the trial of this case.

**ANSWER**:

18.     State whether your driver's licenses have ever been suspended, revoked, or cancelled, and if yes, state the date and reason of the suspension, revocation, or cancellation.

**ANSWER**:

19.     Had you consumed any alcoholic beverages, drugs, or medication during the seventy-two (72) hour time period preceding the incident forming the basis of this lawsuit?  If yes, identify any substance consumed within said period.

**ANSWER**:

20.     State the reason why the tractor-trailer you were operating collided into the rear of the vehicle that Plaintiff was a passenger.

**ANSWER**:

4

21.     Describe in detail the purposes for which you were traveling on the date of the incident forming the basis of this lawsuit, and specify where your trip began and its ultimate destination.

**ANSWER**:

22.     Describe in detail the types of material that you were hauling on the date of the incident forming the basis of this lawsuit.

**ANSWER**:

23.     Identify the owner of the tractor you were operating at the time of the collision, and the owner of the trailer you were pulling behind said trailer.

**ANSWER**:

24.     Did your employer contribute any payment or make any reimbursement toward the expenses you incurred for the purchase of the fuel you were using in the tractor trailer operated by you at the time of this collision?

**ANSWER**:

25.     Other than your attorneys, state the names, addresses, and job titles of all persons that you have provided information to regarding the circumstances and events forming the basis of this lawsuit.

**ANSWER**:

26.     State the name, address, and telephone number of the first person employed by Defendant Diversified Carriers that you notified of the incident that forms the basis of this lawsuit.

**ANSWER**:

27.     Identify each person whom you expect to call as an expert witness at the trial of this case, including as part of your answer the qualifications of each expert identified, the subject matter upon which said expert(s) is expected to testify, and a summary of the grounds for each expert opinion.

**ANSWER**:

28.     State the names, addresses, and telephone numbers of all persons who have given either written or oral statements to you or to any of your agents or lawyers.

**ANSWER**:

29.     Have you executed the attached verification form as part of your answers to these Interrogatories?

**ANSWER**:

> s/ J. Michael Perry
> **J. MICHAEL PERRY (PER089)**
> WETTERMARK KEITH
> 3595 Grandview Parkway, Suite 350
> Birmingham, AL 35243
> Telephone: (205) 933-9500
> Email: mperry@wkfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non-efiling participants to whom the foregoing is due will have a copy of same placed in the United States Mail, properly addressed and postage prepaid on this the 23rd day of January, 2018.

> Barry Kent Osborne
> 8149 Maudie Lane
> Columbus, GA 31904
>
> Diversified Carriers, Inc.
> 200 Fairgrounds Boulevard
> Warner Robins, GA 31093
>
> Dairyland Insurance Company
> 2225 Minnesota Avenue
> Stephens Point, WI 54481

> */s/ J. Michael Perry*
> Of Counsel

6

ELECTRONICALLY FILED
2/23/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| **DAVID CLEO STOVER,** ) | |
| **THERESA MARIE STOVER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| **BARRY KENT OSBORNE, individually;** ) | |
| **DIVERSIFIED CARRIERS, INC., a** ) | |
| **corporation; FICTITIOUS PARTY A,** ) | |
| **and B through Z, being that person, firm** ) | |
| **or corporation that owned, leased, or** ) | |
| **otherwise controlled the vehicle being** ) | |
| **driven by Defendant Osborne, that** ) | |
| **negligently and/or wantonly entrusted** ) | |
| **said vehicle to said Defendant, at the time** ) | |
| **of the collision which is the subject of this** ) | |
| **lawsuit, and that negligently and/or** ) | |
| **wantonly hired, trained, or supervised** ) | |
| **said Defendant for or related to the** ) | |
| **operation of said vehicle or like vehicles,** ) | |
| **and whose true names and legal** ) | |
| **status are otherwise  unknown to the** ) | |
| **Plaintiff, but who will be substituted by** ) | |
| **amendment when ascertained by** ) | |
| **Plaintiff; and DAIRYLAND** ) | |
| **INSURANCE CORPORATION,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT BARRY KENT OSBORNE

COMES NOW the Plaintiff in the above case and propounds the following Request for

Production of Documents to the Defendant Barry Kent Osborne as follows:

1.     Produce a front and back copy of your current driver's license and a copy of your driver's license that was in existence at the time of this incident.

**RESPONSE**:

1

2.      Produce a copy of all operating manuals, safety manuals, training manuals or any guides provided to you as part of your employment with Diversified Carriers, Inc.

**RESPONSE**:

3.      Produce a copy of any employee manuals and/or employee handbooks that you received from your employer with whom you were employed at the time of the collision and that were in effect at that time.

**RESPONSE**:

4.      Produce copies of your driver log books for the date of the incident that forms the basis of this lawsuit <u>and</u> for the six month time period preceding the date of this incident that forms the basis of this lawsuit.

**RESPONSE**:

5.      Produce a copy of all incident reports, including but not limited to governmental agency reports, that you possess concerning this incident.

**RESPONSE**:

6.      Produce a color copy of all photographs, drawings, and/or diagrams of the scene of the incident.

**RESPONSE**:

7.      Produce a color copy of all photographs, drawings, and/or diagrams of the equipment and/or tractor-trailer involved in the events forming the basis of this lawsuit.

**RESPONSE**:

8.      A copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against you or to indemnify or reimburse for payments made to satisfy the judgment that may be entered  against you.

**RESPONSE**:

9.      All documents, photographs, and/or records that support the Defendant's contention that the Plaintiff was negligent or that the actions of some third party contributed to causing the incident.

**RESPONSE**:

2

10.     All documents or physical things that the Defendant may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE:**

11.     Produce copies of any documents, whether written or electronically stored information (ESI), discussing or relating to the collision in any way, including text messages, emails, and/or photographs of the vehicle involved.

**RESPONSE:**

12.     Produce a copy of any and all "automatic crash notification" data involving the vehicle at issue in this litigation.

**RESPONSE**:

13.     Produce a copy of any and all reports obtained from the CDR/EDR downloaded from the vehicle involved in this collision.

**RESPONSE**:

14.     Produce a copy of your driving history.

**RESPONSE**:

15.     Produce a copy of all records of fuel purchase and mileage for any vehicle driven by you on September 20, 2016, and the 10-day period immediately preceding and immediately following this collision.

**RESPONSE**:

16.     Produce a copy of your document retention policy, if any.

**RESPONSE**:


s/ J. Michael Perry
**J. MICHAEL PERRY (PER089)**
WETTERMARK KEITH
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Email: mperry@wkfirm.com

3

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non-efiling participants to whom the foregoing is due will have a copy of same placed in the United States Mail, properly addressed and postage prepaid on this the 23rd day of January, 2018.

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

Diversified Carriers, Inc.
200 Fairgrounds Boulevard
Warner Robins, GA 31093

Dairyland Insurance Company
2225 Minnesota Avenue
Stephens Point, WI 54481

*/s/ J. Michael Perry*
Of Counsel

4

ELECTRONICALLY FILED
2/23/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

**IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA**

| | |
|---|---|
| DAVID CLEO STOVER, ) | |
| THERESA MARIE STOVER, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| BARRY KENT OSBORNE, individually; ) | |
| DIVERSIFIED CARRIERS, INC., a ) | |
| corporation; FICTITIOUS PARTY A, ) | |
| and B through Z, being that person, firm ) | |
| or corporation that owned, leased, or ) | |
| otherwise controlled the vehicle being ) | |
| driven by Defendant Osborne, that ) | |
| negligently and/or wantonly entrusted ) | |
| said vehicle to said Defendant, at the time ) | |
| of the collision which is the subject of this ) | |
| lawsuit, and that negligently and/or ) | |
| wantonly hired, trained, or supervised ) | |
| said Defendant for or related to the ) | |
| operation of said vehicle or like vehicles, ) | |
| and whose true names and legal ) | |
| status are otherwise  unknown to the ) | |
| Plaintiff, but who will be substituted by ) | |
| amendment when ascertained by ) | |
| Plaintiff; and DAIRYLAND ) | |
| INSURANCE CORPORATION, ) | |
| a corporation; ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S FIRST INTERROGATORIES
TO DEFENDANT DIVERSIFIED CARRIERS, INC.**

COMES NOW the Plaintiff in the above case and propounds the following

Interrogatories to Defendant Diversified Carriers, Inc. as follows:

1.    Has this Defendant been properly named?   If not, please provide the correct name.

**ANSWER:**

1

2.      State the name, address, title and duty of the person or persons who answered or assisted in answering these discovery requests and the location in which the answers were prepared.

**ANSWER:**

3.      Was Defendant Barry Kent Osborne employed by you at the time of the collision? If so, please state:

     a.   The job title of Defendant Butterfield;

     b.   His dates of employment;

     c.   His job description;

     d.   Any and all duties, tasks, functions, jobs, or errands he was performing on the day of the collision, including at the time of said collision;

     e.   If he is no longer employed by the Defendant, state in detail whether his employment was terminated and the reasons, if any, for his termination of employment; and

     f.   Whether this Defendant had been notified that Defendant Osborne had violated any motor vehicle traffic control laws during the preceding ten years from the date of the incidents forming the basis of this lawsuit and if the answer is yes, the dates and types of violations.

**ANSWER:**

4.      Did you own the tractor and/or the trailer involved in the collision made basis of this suit? If not, please state the name and address of the owner of each and their relationship to you.

**ANSWER:**

5.      Did you contribute any payment toward the fuel used in the tractor operated by Defendant Osborne on the day of the collision? If yes, please state dates and amounts of all payments you made for fuel used in said vehicle during the month of September of 2016, and the reasons you paid for said fuel.

**ANSWER:**

6.      Identify the person or persons to whom Defendant Osborne first reported this collision and fully state any and all information concerning this collision as first reported to you by Defendant Osborne.

**ANSWER:**

7.      Has the CDR/EDR been downloaded from the vehicle that Defendant Osborne was operating at the time of this collision?   If so, produce a copy of all reports from the CDR/EDR.

**ANSWER:**

8.      What factors, if any, does this Defendant contend contributed to the incident that forms the basis of this lawsuit?

**ANSWER:**

9.      State the name and present address of all persons known to you, your agents or attorney who witnessed the accident which is the subject matter of this litigation.

**ANSWER:**

10.      State the name, address, and telephone number of all persons known to this Defendant that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

**ANSWER:**

11.      State in detail all training provided by this Defendant to Defendant Osborne.

**ANSWER:**

12.      Provide the name, address, and telephone number of the person or persons employed by the Defendant who were responsible for supervising the work of Defendant Osborne.

**ANSWER:**

13.      Had Defendant Osborne been involved in any previous on the job motor vehicle incidents during his employment with this Defendant before the incident forming the basis of this lawsuit?  If the answer is yes, state the following:

      a.  The date or dates of the previous automobile accidents;

      b.  The names of the parties involved;

      c.  Whether traffic citations were issued, and if so, the charge of the traffic citation and the disposition of said citations.

3

**ANSWER:**

14.     Did this Defendant perform a pre-employment background check on employee Defendant Osborne?  If the answer is yes, describe in detail the name and address of the person(s) that performed the background check, the type of pre-employment background check performed and the results of the background check.

**ANSWER:**

15.     Has this Defendant been a party to previous lawsuits during the ten year period preceding the date of the incidents forming the basis of this lawsuit, where allegations were made against the Defendant that one or more of its employees had negligently and/or wantonly operated a tractor/trailer?   If the answer is yes, state the following:

    a.   The date of the incident;

    b.   The style of the case, including, the name of the parties, the court where the action was pending, and the civil action number; and

    c.   The name, address and telephone number of Defendant's employee that was involved.

**ANSWER:**

16.     State the names, addresses, and telephone numbers of all witnesses you will call at the trial of this case.

**ANSWER:**

17.     Provide the name and current address of the dispatcher(s) that was responsible for assigning job tasks and dispatching job assignments to Defendant Osborne on the date of the incident and during the 30 days preceding the events of this lawsuit.

**ANSWER:**

18.     Provide the name and address of this Defendant's safety director.

**ANSWER:**

19.     State in detail the procedure utilized by this Defendant to track and record its drivers work/driving record? Specifically, does this Defendant utilize driver's "paper" logs and/or is a computerized system utilized?  If a computerized system is utilized, please describe the system providing the name of the system, type of system, and software utilized.

4

**ANSWER:**

20.      Did the Defendant conduct an investigation into the event of the incident that forms the basis of this lawsuit?  If so, please state the names and positions of such employees of the Defendant or other individuals who conducted the investigation.

**ANSWER:**

21.      State the names, addresses, and telephone numbers of all persons who have given either written or oral statements to the Defendant or to any of its agents or lawyers.

**ANSWER:**

22.      Identify each person whom you expect to call as an expert witness at the trial of this case, including as part of your answer the qualifications of each expert identified, the subject matter upon which said expert(s) is expected to testify, and a summary of the grounds for each expert opinion.

**ANSWER:**

23.      Do you contend that the actions of Defendant Osborne contributed in any way to the incidents forming the basis of this lawsuit.  If yes, explain and if no explain.

**ANSWER:**

24.      Does this Defendant maintain hard copies of Defendant Osborne's driver logs?  If so, state for which dates this Defendant possesses copies of Defendant Osborne's driver logs.

**ANSWER:**

25.      Does this Defendant contend that the actions or omissions of the Plaintiff contributed, in any way, to the events forming the basis of this lawsuit.  If so, state all facts known to this Defendant that support its contention that Plaintiffs actions or omissions contributed, in any way, to the events of this lawsuit.

**ANSWER:**

26.      Does this Defendant contend that the actions of the driver of the vehicle in which Plaintiff was a passenger, contributed in any way to causing this collision? If yes, state all facts that support your contention.

**ANSWER:**

5

27.     Have you executed the attached verification form as part of your answers to these Interrogatories?

**ANSWER**:

<div style="margin-left: 40%;">

s/ J. Michael Perry

**J. MICHAEL PERRY (PER089)**
WETTERMARK KEITH
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Email: mperry@wkfirm.com

</div>

## **VERIFICATION**

I, _____, have read the foregoing Interrogatories and my responses thereto, which are based on a diligent and reasonable effort by me to obtain information currently available.  I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.  Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the pains and penalties of perjury this ___ day of _____, 2018.

_____
Signed

_____
Printed Name

_____
Job Title

_____
Notary Public

My commission expires: _____

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non-efiling participants to whom the foregoing is due will have a copy of same placed in the United States Mail, properly addressed and postage prepaid on this the 23rd day of January, 2018.

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

Diversified Carriers, Inc.
200 Fairgrounds Boulevard
Warner Robins, GA 31093

Dairyland Insurance Company
2225 Minnesota Avenue
Stephens Point, WI 54481

*/s/ J. Michael Perry*
Of Counsel

8

ELECTRONICALLY FILED
2/23/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| **DAVID CLEO STOVER,** | ) |
| **THERESA MARIE STOVER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO.:**_____ |
| | ) |
| **BARRY KENT OSBORNE, individually;** | ) |
| **DIVERSIFIED CARRIERS, INC., a** | ) |
| **corporation; FICTITIOUS PARTY A,** | ) |
| **and B through Z, being that person, firm** | ) |
| **or corporation that owned, leased, or** | ) |
| **otherwise controlled the vehicle being** | ) |
| **driven by Defendant Osborne, that** | ) |
| **negligently and/or wantonly entrusted** | ) |
| **said vehicle to said Defendant, at the time** | ) |
| **of the collision which is the subject of this** | ) |
| **lawsuit, and that negligently and/or** | ) |
| **wantonly hired, trained, or supervised** | ) |
| **said Defendant for or related to the** | ) |
| **operation of said vehicle or like vehicles,** | ) |
| **and whose true names and legal** | ) |
| **status are otherwise  unknown to the** | ) |
| **Plaintiff, but who will be substituted by** | ) |
| **amendment when ascertained by** | ) |
| **Plaintiff; and DAIRYLAND** | ) |
| **INSURANCE CORPORATION,** | ) |
| **a corporation;** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT DIVERSIFIED CARRIERS, INC.

COMES NOW the Plaintiff in the above-styled case and propounds the following

Requests for Production of documents to Defendant Diversified Carriers, Inc. as follows:

1.    Produce a copy of Defendant Barry Kent Osborne's driver qualification file and/or his complete employee personnel file.

**RESPONSE:**

1

2.      A copy of all written driving tests provided to Defendant Osborne during his employment with the Defendant and to Defendant Osborne's answers to those tests.

**RESPONSE:**

3.      A copy of all written driving tests provided to any employees of the Defendant during the five year period preceding the date of the events forming the basis of this lawsuit and the answer key to those tests.

**RESPONSE:**

4.      Produce electronic and paper copies of the dispatching records pertaining to the dispatching of job assignments for Defendant Osborne on the date of the events forming the basis of this lawsuit and for the 30 day period preceding the events of this lawsuit.

**RESPONSE:**

5.      Produce copies of all telephone and communication logs between this Defendant and Defendant Osborne for the date of the incident and the thirty days preceding the date of the incident.

**RESPONSE:**

6.      Produce copies of the cellular phone records of Defendant Osborne for the date of the incident and the two days preceding the date of the incident.

**RESPONSE:**

7.      Produce copies of the maintenance, inspection, and repair records for the tractor and trailer involved in the incident for the one year period preceding the date of the incident.

**RESPONSE:**

8.      Produce copies of the maintenance, inspection, and repair records for the tractor and trailer for the six month period following the date of the incident.

**RESPONSE:**

9.      Produce the driver logs of Defendant Osborne for the date of the incident and the thirty day period preceding the date of the incident.

**RESPONSE:**

2

10.      Produce an electronic and paper copy of all automatic on board recording devices located on the vehicle, including but not limited to GPS devices, QUALCOIYIM's, and OMNITRACS, for the day of the incident and for the thirty day period preceding the incident.

**RESPONSE:**

11.      Produce a complete copy of this Defendant's investigative file pertaining to this incident.

**RESPONSE:**

12.      Produce a copy of all incident reports, including but not limited to governmental agency reports, completed concerning this incident.

**RESPONSE:**

13.      Produce a copy of any and all toxicology reports or any results of any testing for alcohol, drugs, narcotics, or medications of and concerning Defendant Osborne.

**RESPONSE:**

14.      Produce an electronic and paper copy printout of all on-board surveillance cameras, trip records, and collision warning system devices (black boxes) pertaining to the date of the incident.

**RESPONSE:**

15.      Produce color copies of all photographs, diagrams, or drawings of the scene of the incident or of the equipment and vehicle involved in the incident.

**RESPONSE:**

16.      A copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment that may be entered against the Defendant.

**RESPONSE:**

17.      All documents, photographs, and/or records that support the Defendant's contention that the Plaintiff was negligent or that the actions of some third party contributed to causing the incident.

**RESPONSE:**

3

18.     All documents or physical things that the Defendants may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE:**

19.     Copies of any and all photographs, videotapes, or films depicting the Plaintiff, including, but not limited to, any and all surveillance films taken by the Defendant or persons acting on the Defendant's behalf.

**RESPONSE:**

20.     Produce copies of all motel receipts, gas receipts, and meal receipts of Defendant Osborne for the day of the incident forming the basis of this lawsuit and the 30 day period preceding the date of this incident.

**RESPONSE:**

21.     Produce any and all personnel, employee or driver handbooks or manuals or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments changes and supplements that were not adopted.

**RESPONSE:**

22.     Produce any and all safety or standard operating procedure manuals or any other such document (whether provided to drivers, dispatchers, safety directors, operation managers, truck managers, terminal mangers, review committees, operational officers, clerical employees and/or auditors) that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**

23.     Produce any and all orientation or new employee manuals, materials, texts, brochures, pamphlets, videos, forms or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**

4

24.     Produce any and all training and/or educational manuals, materials, texts, brochures, pamphlets, videos, forms or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of this lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were adopted.

**RESPONSE:**

25.     Produce any and all hiring policies and procedures or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**

26.     Produce any and all Accident Registers that include on them the incident made the basis of plaintiff's complaint, as well as any other Accident Registers that include accidents involving the operator of your tractor/trailer involved in the accident made the basis of this lawsuit, as required by Federal Motor Carrier Safety Regulation§  390.15.

**RESPONSE:**

27.     Produce any and all documents regarding this defendant's compliance with the post-accident alcohol and controlled substance testing requirements found in Federal Motor Carrier Safety Regulation § 382.303.

**RESPONSE:**

28.     Produce any and all driver's vehicle inspection reports required by Federal Motor Carrier Safety Regulation§ 396.11 that were completed for the subject trip.

**RESPONSE:**

29.     Produce the Accident Claim File for the incident made the basis of plaintiff's complaint, as well as any other Accident Claim Files that include accidents involving the operator of your tractor/trailer involved in the accident made the basis of this lawsuit.

**RESPONSE:**

30.     Produce any and all photographs taken or made by you or on your behalf, or in your possession, relating to the incident made the basis of the lawsuit.

**RESPONSE:**

      31.     Produce any and all accident review policies and procedures for determining whether any accident is chargeable or non-chargeable, preventable or non-preventable.

**RESPONSE:**

      32.     Produce any and all documents reviewed or provided to the accident review committee for the accident in question, as well as any such documents pertaining to any accident involving the driver during the incident made the basis of the lawsuit at all times during his employment with you.

**RESPONSE:**

      33.     Produce any and all documents regarding a preventability decision for the accident in question, as well as any preventability decision resulting from any accident involving the driver during the incident made the basis of the lawsuit at all times during his employment with you.

**RESPONSE:**

      34.     Produce any and all documents pertaining to any expert employed on your behalf in this lawsuit. Produce for inspection and copying said expert's entire file relating to the above-captioned  case, including, but not limited to, any and all records, handwritten notes, calculations, results of research and investigation, records, reports, correspondence, memoranda, questionnaires, testing and testing results, photographs, video tapes, diagrams, charts, bills rendered and statements of charges, as well as any and all other materials in his possession pertaining  to his or her evaluation of the incident made the basis of the lawsuit.

**RESPONSE:**

      35.     Produce any and all documents generated or used by the driver as a result of the wreck made the basis of the lawsuit. This request includes, but is not limited to, accident packages, pictures, witness statement forms, driver statement forms, waiver of liability forms, accident and incident forms, or all other documents created by the driver involved in the incident made the basis of the lawsuit.

**RESPONSE:**

      36.     Produce the document retention/destruction program or policy of the defendant motor carrier.

**RESPONSE:**

s/ J. Michael Perry
**J. MICHAEL PERRY (PER089)**
WETTERMARK KEITH
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Email: mperry@wkfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non-efiling participants to whom the foregoing is due will have a copy of same placed in the United States Mail, properly addressed and postage prepaid on this the 23rd day of January, 2018.

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

Diversified Carriers, Inc.
200 Fairgrounds Boulevard
Warner Robins, GA 31093

Dairyland Insurance Company
2225 Minnesota Avenue
Stephens Point, WI 54481

*/s/ J. Michael Perry*
Of Counsel

ELECTRONICALLY FILED
2/8/2018 3:32 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| **DAVID CLEO STOVER,** ) | |
| **THERESA MARIE STOVER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| **BARRY KENT OSBORNE, individually;** ) | |
| **DIVERSIFIED CARRIERS, INC., a** ) | |
| **corporation; FICTITIOUS PARTY A,** ) | |
| **and B through Z, being that person, firm** ) | |
| **or corporation that owned, leased, or** ) | |
| **otherwise controlled the vehicle being** ) | |
| **driven by Defendant Osborne, that** ) | |
| **negligently and/or wantonly entrusted** ) | |
| **said vehicle to said Defendant, at the time** ) | |
| **of the collision which is the subject of this** ) | |
| **lawsuit, and that negligently and/or** ) | |
| **wantonly hired, trained, or supervised** ) | |
| **said Defendant for or related to the** ) | |
| **operation of said vehicle or like vehicles,** ) | |
| **and whose true names and legal** ) | |
| **status are otherwise  unknown to the** ) | |
| **Plaintiff, but who will be substituted by** ) | |
| **amendment when ascertained by** ) | |
| **Plaintiff; and DAIRYLAND** ) | |
| **INSURANCE CORPORATION,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT DAIRYLAND INSURANCE CORPORATION

COMES NOW the Plaintiff, by and through undersigned counsel, and pursuant to Rules

33 and 34 of the *Alabama Rules of Civil Procedure* propounds the following consolidated

discovery requests to Defendant DAIRYLAND INSURANCE CORPORATION, ("Dairyland")

1

to be responded to and verification executed by you before a notary public within 45 days, as

prescribed by law:

1. Has this Defendant been properly named?   If not, please provide the correct name.

**ANSWER:**

2. State the name, address, title and duty of the person or persons who answered or assisted in
   answering these discovery requests and the location in which the answers were prepared.

**ANSWER:**

3. Produce a copy of your automobile insurance policies and/or umbrella policies, including the
   declaration pages, which will or may provide coverage to these Plaintiffs against the claims
   made in this action.

**ANSWER:**

4. Produce copies of any documents, whether written or electronically stored information (ESI),
   discussing or relating to any claim or defense raised in this case, including but not limited to,
   the Plaintiff's uninsured/underinsured motorist claim against you.

**ANSWER:**

5. Do you contend that uninsured/underinsured motorist benefits are unavailable to the
   Plaintiffs under any circumstances?  If so, please explain your answer in detail and provide
   copies of any documents that you have relied on to support your answer.

**ANSWER:**

6. Produce a copy of any statement made to you by the Plaintiff relating to any claim or defense
   raised in this case.

**ANSWER:**

7. Produce a copy of any and all claims, and disposition of those claims, made by the Plaintiff
   to you for coverage under the policy of insurance at issue in this case.

**ANSWER:**

8. Please state the name, address, telephone number, or information for the location of every
   person, including every witness known to or reasonably believed by you to have or purport to
   have knowledge of any fact pertaining to the collision and/or this lawsuit.

2

**ANSWER:**

9.  If you have obtained a written or oral report from any expert (whether or not you propose to call such person as a witness), please give the name, address, telephone number, profession or specialty, and office or work address of said expert, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion or, in the alternative, attach a copy of said expert's written report to your answers to these interrogatories.

**ANSWER:**

<div align="center">

s/ J. Michael Perry
**J. MICHAEL PERRY (PER089)**
WETTERMARK KEITH
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Email: mperry@wkfirm.com

</div>

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I do hereby certify that I have electronically filed the foregoing pleading with the Clerk of Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non-efiling participants to whom the foregoing is due will have a copy of same placed in the United States Mail, properly addressed and postage prepaid on this the 23rd day of January, 2018.

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

Diversified Carriers, Inc.
200 Fairgrounds Boulevard
Warner Robins, GA 31093

Dairyland Insurance Company
2225 Minnesota Avenue
Stephens Point, WI 54481

<div align="right">

*/s/ J. Michael Perry*
Of Counsel

</div>

<div align="center">3</div>



AlaFile E-Notice

42-CV-2018-900013.00

To:   JAMES MICHAEL PERRY
      mperry@wkfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following complaint was FILED on 1/23/2018 3:32:22 PM

Notice Date:     1/23/2018 3:32:22 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

To:   BARRY KENT OSBORNE
      8149 MAUDIE LANE
      COLUMBUS, GA, 31904

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following complaint was FILED on 1/23/2018 3:32:22 PM

Notice Date:      1/23/2018 3:32:22 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

To:  DIVERSIFIED CARRIERS, INC.
     200 FAIRGROUNDS BOULEVARD
     WARNER ROBINS, GA, 31093

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following complaint was FILED on 1/23/2018 3:32:22 PM

Notice Date:     1/23/2018 3:32:22 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

To:   DAIRYLAND INSURANCE COMPANY
2225 MINNESOTA AVENUE
STEPHENS POINT, WI, 54481

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following complaint was FILED on 1/23/2018 3:32:22 PM

Notice Date:      1/23/2018 3:32:22 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>42-CV-2018-900013.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA
### DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL

**NOTICE TO:** BARRY KENT OSBORNE, 8149 MAUDIE LANE, COLUMBUS, GA 31904
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES MICHAEL PERRY
,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Parkway, Suite 350, BIRMINGHAM, AL 35243 .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  DAVID CLEO STOVER
pursuant to the Alabama Rules of the Civil Procedure.                                     *[Name(s)]*

| 1/23/2018 3:32:22 PM | /s/ SANDRA LIGON | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JAMES MICHAEL PERRY
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .
*(Date)*

_____        _____        _____
*(Type of Process Server)*              *(Server's Signature)*                  *(Address of Server)*

_____        _____
                                        *(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>42-CV-2018-900013.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA
### DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL

**NOTICE TO:** DIVERSIFIED CARRIERS, INC., 200 FAIRGROUNDS BOULEVARD, WARNER ROBINS, GA 31093

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES MICHAEL PERRY

,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Parkway, Suite 350, BIRMINGHAM, AL 35243 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID CLEO STOVER

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 1/23/2018 3:32:22 PM | /s/ SANDRA LIGON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JAMES MICHAEL PERRY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>42-CV-2018-900013.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA
### DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL

**NOTICE TO:** DAIRYLAND INSURANCE COMPANY, 2225 MINNESOTA AVENUE, STEPHENS POINT, WI 54481

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES MICHAEL PERRY                                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Parkway, Suite 350, BIRMINGHAM, AL 35243                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  DAVID CLEO STOVER

pursuant to the Alabama Rules of the Civil Procedure.          *[Name(s)]*

| 1/23/2018 3:32:22 PM | /s/ SANDRA LIGON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JAMES MICHAEL PERRY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                              .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
2/22/2018 4:01 PM
42-CV-2018-900013.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

State of Alabama
**Lawrence County Circuit Court**
36th Judicial Circuit     Rev 08/14

# SCHEDULING ORDER
## (Civil Case)

CV - 2018 - 900013 . 00

DAVID CLEO STOVER AND THERESA MARIE STOVER,

*versus*

BARRY KENT OSBORNE, INDIVIDUALLY, AND DIVERSIFIED CARRIERS, INC, A CORPORATION,

Plaintiff(s)

Defendant(s)

A complaint/motion/petition having been filed and presented to and considered by the Court, the Court now **ORDERS, ADJUDGES AND DECREES** as follows:

1. **Answer/Service**: The Defendant(s), as noted on the summons, *must* file their answer with the Circuit Clerk within thirty (30) days of service to avoid judgment by default. In accord with Ala.R.Civ.P. 4(b), service of the summons and complaint must be made on each Defendant within 120 days after the filing of the complaint.

2. **Trial Date**: This case is set for Trial by Jury on the Monday, at 08:00 a.m., of the first civil jury trial week following the one year anniversary of the first date of perfection of service on any named Defendant ("the first Service Date") (herein, such Monday being referenced as, "the Trial Date").

3. **Discovery and related pretrial deadlines:**

    **On or before 90 days** following the first Service Date, the Plaintiff(s) shall disclose in writing all retained and non-treating medical expert witnesses to be called at trial and all information specified in Ala.R.Civ.P. 26(b)(4)(A)(i), if not already disclosed.

    **On or before 120 days** following the first Service Date, the Plaintiff(s)' disclosed experts shall be made available for depositions.

    **On or before 150 days** following the first Service Date, the Defendant(s) shall disclose in writing all retained and non-treating medical expert witnesses to be called at trial and all information specified in Ala.R.Civ.P. 26(b)(4)(A)(i), if not already disclosed.

    **On or before 180 days** following the first Service Date, the Defendant(s)' disclosed experts shall be made available for depositions.

4. **Dispositive motion deadline**: If not sooner filed, motions for summary judgment and other dispositive motions must be filed no later than 10 business days (see Ala.R.Civ.P. 6(a)) prior to this Court's regular scheduled civil motion docket that occurs immediately prior to the first regular scheduled civil motion docket that occurs prior to the Trial Date. Put more directly, the Court is requiring that such motions be filed so that they can be heard on the 2nd most remote regular scheduled civil motion docket, relative to the Trial Date.

5. **On or before two weeks prior** to the Trial Date, the parties shall exchange and file of record the following:

    (a) **EXHIBIT LISTS**: Each party shall prepare, exchange and file of record lists describing with reasonable particularity all documents, exhibits and physical evidence to be used at trial. Each party shall be entitled to inspect and copy any document, exhibit or physical evidence (if capable of photocopying) so listed by another party. All documents so listed shall be deemed authentic unless written objections are filed in accord with this Scheduling Order. The preceding sentence does not excuse the necessity of issuing subpoenas for the production of documents needed at trial or for the attendance of witnesses who may be required to overcome objections to evidence on grounds other than authenticity.

    (b) **WITNESS LISTS**: Lists of witnesses expected to testify, including possible rebuttal witnesses, shall be exchanged and filed of record by the parties.

    (c) **OBJECTIONS TO EXPERT QUALIFICATIONS**: Any objections to the qualifications of expert witnesses expected to testify and offer expert opinions shall be filed in writing.

6. **On or before one week prior** to the Trial Date (Rule 6 calculation does not apply):

    (a) **SUPPLEMENTAL LISTS**: The parties shall file of record any supplements or amendments to their EXHIBIT LISTS and WITNESS LISTS.

    (b) **OBJECTIONS TO AUTHENTICITY**: The parties shall file all written objections to the authenticity of any listed exhibits, specifying clearly all grounds for such objections.

    (c) **OBJECTIONS TO REASONABLENESS AND NECESSITY**: The parties shall file all written objections, specifying clearly all grounds for such objections, to the reasonableness or necessity of all doctor, medical, hospital bills or other professional's bills. If no such objections are filed as to

a specific bill, then the same shall be admitted in evidence as reasonable and necessary without further proof.

    (d) **MOTIONS IN LIMINE** and other pretrial motions: the parties shall file of record all motions in limine, motions to exclude evidence or witness, motions concerning the jury, voir dire and otherwise, and motions regarding the special accommodation of any witness or party.

7. **Mediation**: The Court encourages the parties to consider and utilize the mediation process provided by the *Alabama Civil Court Mediation Rules* to assist in reaching a mutually acceptable resolution of disputed issues in this case. If the parties cannot agree upon a mediator, the Court will appoint one upon request. The Court may of its own motion order mediation in which event, no trial or final hearing shall occur until compliance with such order appears of record.

8. **CONTINUANCES**. Barring a showing of extraordinary circumstances, requests for continuance of the trial date will not be granted, unless the motion is submitted jointly or without opposition and there have been no more than two prior continuances. The parties may mutually agree in a writing filed with the court as a "motion to amend scheduling order" to change any of the deadlines and requirements set forth in paragraphs 3 and 4 above. In the event of a continuance of the Trial Date, the deadlines set forth in paragraph 5 appropriately shall be altered to be relative to the new trial date.

9. **Pretrial Conference**. The Court will conference with counsel for the parties and any unrepresented parties for the purposes set forth in Rule 16(a), on the 1st regularly scheduled civil motion bench docket at 09:00 a.m., following perfection of service on all defendants. As to a Final Pretrial Conference, per Rule 16(d), such will be set at 01:30p of the Friday immediately prior to the Trial Date.

10. **Failure to Comply with this Order**: This is a Rule 16 scheduling order, and thus is subject to sanctions per Rule 16(f) for noncompliance with the terms herein. However, except when the ends of justice otherwise require: (1) documents, exhibits or physical evidence not listed and exchanged in compliance paragraphs 5(a) and 6(a) above may not be offered in evidence at the trial; (2) no witness will be allowed to testify at trial, if not included within the lists exchanged in compliance with paragraphs 5(b) and 6(a) above; and no retained or non-treating medical expert witnesses, except those so disclosed together in accord with this Order and with the rules of Civil Procedure with the required information and permitted to be deposed in compliance with the terms of this Order, shall be allowed to testify at trial.

11. **Trial Documents**: On the day the case is called for trial, attorneys for each party and unrepresented parties are **required** to present to the Court a concise written statement (one-half single spaced page or less) of that party's contention regarding the issues of liability and damage (This may be utilized in the initial instructions to the jury). Additionally, at that time, each party shall provide the court reporter with a list of witnesses and an exhibit list. Further, at the close of the Plaintiff's case-in-chief, all requested written jury instructions shall be submitted to the Court, subject to the right of any party to supplement the written requested instructions during the course of trial on matters which cannot be reasonably anticipated.

12. **NO REQUEST FOR EX PARTE RELIEF** shall be considered by the Court unless strictly compliant with Ala.R.Civ.P. 65(b).

13. Unless stated otherwise, the time calculation rules of Rule 6 apply to all deadlines stated herein.

January 23, 2018
DONE AND ORDERED

MARK B. CRAIG, Circuit Judge



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To:   PERRY JAMES MICHAEL
        mperry@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was FILED on 1/23/2018 4:01:54 PM

Notice Date:      1/23/2018 4:01:54 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To:  OSBORNE BARRY KENT (PRO SE)
     8149 MAUDIE LANE
     COLUMBUS, GA, 31904-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was FILED on 1/23/2018 4:01:54 PM

Notice Date:     1/23/2018 4:01:54 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To: DIVERSIFIED CARRIERS, INC. (PRO SE)
200 FAIRGROUNDS BOULEVARD
WARNER ROBINS, GA, 31093-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was FILED on 1/23/2018 4:01:54 PM

Notice Date:        1/23/2018 4:01:54 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To:  DAIRYLAND INSURANCE COMPANY (PRO SE)
2225 MINNESOTA AVENUE
STEPHENS POINT, WI, 54481-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was FILED on 1/23/2018 4:01:54 PM

Notice Date:     1/23/2018 4:01:54 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To  Barry Kent Osborne

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7016 3010 0000 1915 8191

CV18-900013

Stuer V.

Postmark
Here

Osborne

S + C 001

1-23-18

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To

Diversified Curriers

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

CV18-400013

Stover v.

Postmark
Here

Osborne

S+C DOCR

1-23-18

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7016 3010 0000 1919 8178

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information. visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee

$

CU18-900013

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

Stover v.
Osborne
Postmark
Here

Postage

$

S + C DOOB

Total Postage and Fees

$

1-23-18

Sent To

Dairyland Insurance Co.

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7016 3010 0000 1919 8185

DOCUMENT 13

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Diversified Carriers, Inc.*

*200 Fairgrounds Blvd.*

*Warner Robins, GA 31093*



9590 9403 0548 5173 2638 10

2. Article Number *(Transfer from service label)*

7016 3010 0000 1919 8178

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____   ☑ Agent
                             ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

B Moo                                  1-28

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☑ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- Mail Restricted Delivery
  00)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**MACON**

UNITED STATES POSTAL SERVICE

29 JAN '18

PM 2 L



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

CV18- 900013 Stover v. Osborne

SANDRA LIGON. CLERK  S&C 2002-

14451 Market Street

Moulton. AL  35650



USPS TRACKING#



9590 9403 0548 5173 2638 10



**AlaFile E-Notice**

42-CV-2018-900013.00

Judge: MARK B CRAIG

To: PERRY JAMES MICHAEL
mperry@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was served on 1/28/2018

**D002 DIVERSIFIED CARRIERS, INC.**

**Corresponding To**

CERTIFIED MAIL

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dairyland Insurance Co.
2225 Minnesota Ave.
Stephens Point. WI 54481



‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0548 5173 2638 03

2. Article Number *(Transfer from service label)*

7016 3010 0000 1919 8185

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Wallock_          ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

KEN WALLOCK

SENTRY INSURANCE

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No



3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053            Domestic Return Receipt

**UNITED STATES POSTAL SERVICE**

GREEN BAY
WI 543

05 FEB '18

PM 2 I



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4® in this box●

CV18-4000/3 Stover V. Osborne

S+C  DOC3

**SANDRA LIGON, CLERK**

14451 Market Street

Moulton, AL  35650

FILED IN OFFICE
LAWRENCE COUNTY ALABAMA
2018 FEB - 9  PM 12: 46
SANDRA LIGON
CIRCUIT CLERK

USPS TRACKING#





9590 9403 0548 5173 2636 03



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To:   PERRY JAMES MICHAEL
      mperry@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was served on 2/5/2018

D003 DAIRYLAND INSURANCE COMPANY
Corresponding To
CERTIFIED MAIL

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Barry Kent Osborne
8149 Maudie Lane
Columbus, GA 31904

9590 9403 0548 5173 2638 27

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____     ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

Barry Kent Osborne        2/10/18

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                      ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☑ Certified Mail®                      ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery      Delivery
☐ Collect on Delivery                  ☑ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ Insured Mail                         ☐ Signature Confirmation™
☐ ...Mail Restricted Delivery          ☐ Signature Confirmation
   ...0)                                   Restricted Delivery

2. Article Number (Transfer from service label)



7016 3010 0000 1919 8161

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box•

CV18-900013 Stover v. Osborne
S+L 0001

SANDRA LIGON, CLERK
14451 Market Street
Moulton, AL  35650

2018 FEB 14  PM 12: 29

SANDRA LIGON
CIRCUIT CLERK

FILED IN OFFICE
LAWRENCE COUNTY ALABAMA

USPS TRACKING#



9590 9403 0548 5173 2898 27



AlaFile E-Notice

42-CV-2018-900013.00

Judge: MARK B CRAIG

To:  PERRY JAMES MICHAEL
     mperry@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

DAVID CLEO STOVER ET AL V. BARRY KENT OSBORNE ET AL
42-CV-2018-900013.00

The following matter was served on 2/10/2018

D001 OSBORNE BARRY KENT
Corresponding To
CERTIFIED MAIL

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432